UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSHUA L. BURRIS,

                  Plaintiff,

v.

CITY OF ROCHESTER, INVESTIGATOR STEPHANIE BURGSTROM, CITY OF ROCHESTER POLICE OFFICERS JOHN DOES #1-10, CITY OF ROCHESTER INVESTIGATOR JOHN DOES #11-20, and CITY OF ROCHESTER DETECTIVE JOHN DOES #21-30,

                  Defendants.

**ANSWER AND DEMAND FOR JURY TRIAL**

Case No.: 23-cv-6267

---

The Defendants, by and through their attorney Linda S. Kingsley, Esq., City of Rochester Corporation Counsel, Christopher S. Noone, Esq., Municipal Attorney hereby answers the Plaintiff's Complaint as follows:

1. Admit the allegations contained in paragraphs 8, 13 and 14 of the Complaint.

2. Deny the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 10, 11, 12, 15, 16, 17, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, 44, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 70, 71, 72, 73, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85 and 86 of the Complaint.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs, 7, 18, 19, 20, 25 and 45.

4. They admit that portion of paragraph 9 of the Complaint concerning Defendant Burgstrom, but deny the allegation that there is a basis for suit against her individually.

5. They deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint except they admit that the Plaintiff was rearrested.

6. They join Plaintiff's demand in paragraph 87 of the complaint for a jury trial.

7. With respect to paragraphs 36, 43, 54, 64, 69, 74 and 80 of the Complaint, wherein the Plaintiff repeats and realleges each and every allegation contained in each and every preceding paragraph, the Defendants likewise repeat and reallege each and every response to those paragraphs as if more fully set forth here.

8. Denies each and every allegation contained in the Complaint not heretofore admitted, denied or otherwise controverted.

**AS AND FOR A FIRST AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

9. That the Complaint fails to state a cause of action upon which relief may be granted against the defendant.

**AS AND FOR A SECOND AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

10. If individual defendants, employed by the City of Rochester, are construed to be a part of this action they are entitled to qualified immunity from suit because:

    A. No clearly established constitutional right was violated.

    B. The defendants' actions were objectively reasonable under the circumstances.

**AS AND FOR A THIRD AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

11. If individual defendants, employed by the City of Rochester, are construed

to be a part of this action, they are entitled to immunity from continuation of this action upon the ground that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

12. If this action is ever construed against the City of Rochester or its employees, the official actions of the City of Rochester and its employees, agents or representatives, jointly and severally constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

13. If this action is ever construed to be an action against the City of Rochester or its employees, the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

14. That all conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances herein; was privileged conduct in the performance of defendant's police function; was supported by probable

cause; and was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

15. That the City of Rochester is required to defend, indemnify and hold harmless its police officers when those police officers are sued for actions taken within the scope of their employment and, therefore, the City of Rochester is the real party in interest herein.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

16. That the actions complained of arose during the arrest of the plaintiff by police officers acting in an official capacity; that such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

17. That the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

18. Any force allegedly used did not rise to the level of a constitutional violation. That the force, if any, used on the plaintiffs was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiffs

were due to and caused by reason of plaintiffs' improper acts and conduct.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

19. That in the event the complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training, retention and/or supervision, the complaint fails to allege sufficient facts to support such allegations and should be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

20. That the City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

21. That the Complaint does not state a cause of action cognizable under 42 U.S.C. §§1983 and 1988.

**WHEREFORE**, defendants City of Rochester demand:

(1) Judgment dismissing the complaint;

(2) The costs and disbursements of this action;

(3) Such other and further relief which to the Court may seem just and proper.

Date: August 4, 2023

                                    LINDA S. KINGSLEY,
                                    CORPORATION COUNSEL

                                    By: s/ Christopher Noone
                                    Christopher S. Noone, Municipal Attorney
                                    *Attorneys for Defendants*
                                    30 Church St., Room 400A

                                                        Rochester, NY 14614
                                                        (585) 428-6753
                                                        Christopher.Noone@cityofrochester.gov

To:    THE RUSSELL FRIEDMAN
         LAW GROUP, LLP
        *Attorneys for Plaintiff*
        Pablo A. Fernandez, Esq.
        400 Garden City Plaza, Suite 500
        Garden City, NY  11530
        pfernandez@rfriedmanlaw.com